884 P.2d 180

In re Robert M. GARCIA, Justice of the Peace, South Phoenix Precinct Maricopa County State of Arizona.

No. JC–94–0005.
Comm. No. 93–CJC–185.

Supreme Court of Arizona,
En Banc.

Nov. 1, 1994.

Bryan Cave by Stephen G. Montoya, Phoenix, for respondent.

Jennings, Strouss & Salmon by Gary L. Stuart, Sp. Counsel, Phoenix, for Com'n on Judicial Conduct.

## OPINION AND ORDER

MOELLER, Vice Chief Justice.

■ Respondent Robert M. Garcia was elected to his current term of office as a justice of the peace in the South Phoenix Justice Court in November 1990, and his term will expire on January 1, 1995. On May 26, 1994, the Commission on Judicial Conduct (Commission) filed a nine-count statement of charges against respondent. The Commission, created by Arizona Constitution article 6.1, § 1, is the public body that investigates, makes findings, and recommends disposition in judicial disciplinary cases. Following such recommendations, this court is required to review the record independently. This court is the final judge of law and fact. *See In re Ackel,* 155 Ariz. 34, 42, 745 P.2d 92, 100 (1987).

While the charges were pending hearing before the Commission, respondent lost his bid for reelection as a justice of the peace in the primary election of September 13, 1994. On October 4, 1994, counsel for respondent and special counsel for the Commission presented to the Commission a stipulation to vacate the hearing date and entered into certain additional stipulations.

■ Respondent and the Commission stipulated to the following facts:

Respondent and the Commission agree as follows:

1. Respondent is, and was at all times relevant hereto, the elected Justice of the Peace for the South Phoenix Precinct Justice Court in Phoenix, Arizona.

2. Respondent was informed on February 7, 1994 of the commencement of an investigation by the Commission concerning possible violations of the Arizona Code of Judicial Conduct and Article 6.1 of the Arizona Constitution.

3. Between February 7, 1994 and April 14, 1994 the Commission's Executive Director conducted an investigation regarding Respondent's possible violations of the Arizona Judicial Code. The investigation included, but was not limited to, an operational review conducted by the Administrative Office of the Courts.

4. During the course of the investigation, the Respondent was temporarily reassigned to perform duties under the supervision of the Presiding Judge of the Maricopa County Superior Court in accordance

with the Supreme Court's Administrative Order No. 94–24 dated April 7, 1994.

5. On April 14, 1994 the Executive Director notified the Respondent of twenty-one areas of concern regarding judicial function and administrative practice in the South Phoenix Precinct Justice Court.

6. On May 2, 1994 the Respondent was permitted to return to his Court and resumed his duties at the South Phoenix Justice Court with the assistance of a judicial monitor appointed by the Presiding Judge of the Maricopa County Superior Court.

7. On May 26, 1994 a Formal Statement of Charges was filed before the Commission by Gary L. Stuart, Esq., Special Counsel for the Commission on Judicial Conduct. This Statement of Charges contained nine separate counts asserting the following violations: (a) willful misconduct in office; (b) persistent failure to perform judicial duties; (c) conduct prejudicial to the administration of justice; and, (d) violations of Canons 1, 2, 3, 4 and 5 of the Code of Judicial Conduct. The Statement of Charges asserted that the Respondent's acts and omissions were violative of Article 6.1, § 4 of the Arizona Constitution and Rule 81 of the Rules of the Arizona Supreme Court.

8. On June 14, 1994 the Respondent filed his Answer to the Statement of Charges by and through his counsel, Stephen G. Montoya, Esq. In his Answer, the Respondent generally denied the allegations set forth in the Statement of Charges.

9. On July 29, 1994 the case against the Respondent was noticed for formal hearing before the Commission to commence on October 3, 1994.

10. On September 13, 1994 a primary election was held in the State of Arizona for local and statewide offices, including the office of Justice of the Peace for the South Phoenix Justice Court in Maricopa County, Arizona. Respondent and the Commission are informed and therefore believe that by reason of the electoral results of the aforesaid primary election the Respondent was not nominated by his political party to serve as its candidate in the general election scheduled to be held in the State of Arizona on November 8, 1994. Respondent agrees not to participate as a Justice of the Peace candidate in the November 8, 1994 general election. Consequently, the parties hereto agree that the Respondent will only serve as a Justice of the Peace for the South Phoenix Precinct until January 1, 1995, at which time the winner of the general election contest will be sworn as the presiding judicial officer for the South Phoenix Precinct Justice Court.

11. Respondent admits that if the Statement of Charges described in Paragraph 7 above were brought on for hearing before the Commission as presently scheduled on October 3, 1994, sufficient evidence would be offered by Special Counsel to establish a *prima facie* case on all counts set forth therein.

12. The Commission admits that the electoral result of the September 13, 1994 primary election for the office of Justice of the Peace in the South Phoenix Precinct requires an exercise of good faith and compassion on its part. The Commission recognizes the Respondent's loss of judicial office and believes this stipulated resolution of the case to be in the best interest of all parties.

13. By reason of the foregoing, Respondent, acting in his own best interest, and on the advice of counsel, agrees and avows that he will never again seek or serve in a judicial office subject to the jurisdiction of the Commission on Judicial Conduct on a permanent or a *pro tempore* basis, by election, appointment or otherwise, in the State of Arizona.

The respondent and the Commission further agreed that certain conclusions of law flowed from the stipulated facts. In that regard, they agreed to the following:

By reason of the foregoing stipulated facts, the following conclusions of law are stated, accepted and agreed by the Respondent and the Commission:

1. The Respondent's conduct violated the Canons of the Code of Judicial Conduct as adopted in Rule 81 of the Rules of the

Supreme Court of Arizona and constituted conduct prejudicial to the administration of justice that brought his office into disrepute within the meaning of Article 6.1 § 4 of the Constitution of the State of Arizona.

2. In the interests of conserving the resources of the judiciary, the Commission and the Respondent, the Commission wishes to resolve the issues joined by the aforementioned Statement of Charges and the Respondent's Answer by accepting the Respondent's avowal to refrain from serving in the Arizona Judiciary as set forth above.

3. It is in the public's best interest to resolve this matter by stipulation rather than an evidentiary hearing because the matter could not be brought to a final conclusion prior to the expiration of the Respondent's current term of office.

4. It is in the best interests of justice that Respondent continue to serve as the Justice of the Peace for the South Phoenix Precinct, subject to monitoring and other procedural safeguards as instituted or to be instituted by the Presiding Judge of the Maricopa County Superior Court, until his elected term expires on January 1, 1995.

The parties then agreed to make the following joint recommendations to this court concerning the appropriate disposition of the matter:

Based upon the foregoing Findings of Fact and Conclusions of Law, and pursuant to the duty imposed on its members by Article 6.1 § 4 of the Arizona Constitution, the Commission recommends that the Arizona Supreme Court allow the Respondent to continue to serve as the Justice of the Peace for the South Phoenix Precinct for the remainder of his current term of office which will expire on January 1, 1995. In consideration of this recommendation and stipulated resolution of the case against him, Respondent agrees, at the conclusion of his current term, never to seek election or appointment to a judicial office subject to the jurisdiction of the Commission on Judicial Conduct in the State of Arizona. In the event that Respondent violates his avowal or otherwise breaches his agreement not to seek appointment or election to judicial office in the State of Arizona, the parties FURTHER AGREE AND STIPULATE that the Statement of Charges described above will be deemed admitted by the Respondent in its entirety whereupon appropriate sanctions and discipline will be established in accordance with the Rules of Procedure for the Commission on Judicial Conduct.

We have recently encouraged the Commission to explore the possibility, in appropriate cases, of entering into stipulations of fact, agreed conclusions of law, and joint recommendations. We have done this in the hope that it might provide a vehicle, in appropriate cases, for an earlier resolution of the issues in the best interests of both parties and, most particularly, in the interests of the public. Since January 1, 1992, a somewhat similar procedure has been authorized by rule amendment in bar discipline cases. In bar cases, if the parties agree on an appropriate disposition, they may file the recommendation with the relevant background information with this court. The court then reviews it and, if it does not order *sua sponte* review, issues an order approving the joint recommendation. *See* Ariz.R.Sup.Ct. 53(e). This procedure has been effective in speeding the resolution of some bar discipline cases. A similar rule has been proposed in judicial disciplinary cases and is being processed under Rule 28, Ariz.R.Sup.Ct. We recently expressly approved, by published opinion in a judicial discipline case, the procedure that we are utilizing in this case. *See In re Braun*, 180 Ariz. 240, 883 P.2d 996 (1994).

The court has met and has considered the statement of charges, the stipulations, and the joint recommendations. Under the circumstances of this case, the court approves the joint recommendations, adopts them as the order and judgment of the court, and directs the respondent to comply fully with them. The court shall retain jurisdiction of this matter to ensure compliance with this opinion and order.

CORCORAN, ZLAKET and MARTONE, JJ., concur.

FELDMAN, C.J., recused himself and did not participate in the determination of this matter.